IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **HOMERO HERRERA HERNANDEZ,** § | | |
| Petitioner, § | | |
| § | | |
| V. § | A-11-CA-1008-SS | |
| § | | |
| **RICK THALER,** § | | |
| Director, Texas Dept. of Criminal Justice- § | | |
| Correctional Institutions § | | |
| Division, § | | |
| Respondent. § | | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE SAM SPARKS
     UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Respondent's Motion to Dismiss Pursuant to 28 U.S.C. § 2244(d) (Document 6); and Petitioner's response thereto (Document 7). Petitioner, proceeding pro se, has paid the appropriate filing fee. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed.

# I.  STATEMENT OF THE CASE

A.  **Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 21st Judicial District Court of Burleson County, Texas, in cause number 12,328.  Petitioner was charged with capital murder, to which he entered a plea of not guilty.  A jury found Petitioner guilty as charged, and the trial court assessed punishment at life imprisonment.

The Fourteenth Court of Appeals of Texas affirmed Petitioner's conviction on October 2, 2003.  Hernandez v. State, No. 14-02-00489-CR, 2003 WL 22253337 (Tex. App. – Houston [14th Dist] 2003, pet. granted).  Petitioner's petition for discretionary review was granted, and his conviction was affirmed by the Texas Court of Criminal Appeals on November 2, 2005.  Hernandez v. State, 176 S.W.3d 821 (Tex. Crim. App. 2005).  Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner also challenged his conviction in two state applications for habeas corpus relief.  Petitioner filed his first state application on January 29, 2007.  Ex parte Hernandez, Appl. No. 67,116-01.  The Texas Court of Criminal Appeals denied the application without written order on May 2, 2007.  Petitioner filed his second state application on July 18, 2011.  Ex parte Hernandez, Appl. No. 67,116-02.  The Texas Court of Criminal Appeals dismissed the application as successive on September 21, 2011.

B.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1.  He is actually innocent; and

    2.    His trial counsel was ineffective for (a) failing to investigate, (b) failing to file motions, (c) failing to object, and (d) failing to present evidence.

**C.**    **Exhaustion of State Court Remedies**

Respondent does not concede that Petitioner has exhausted his state court remedies regarding the claims brought in this application. Rather Respondent reserves the right to address the exhaustion issue should his request to dismiss as time-barred be denied.

## II.  DISCUSSION AND ANALYSIS

**A.**    **Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. See 28 U.S.C. § 2244(d). That section provides, in relevant part:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

**B.    Application**

Petitioner's conviction became final, at the latest, on January 31, 2006, at the conclusion of time during which he could have filed a petition for writ of certiorari with the United States Supreme Court. See SUP. CT. R. 13.1 ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review."). At the time Petitioner filed his first state application for habeas corpus relief on January 29, 2007, only two days remained of the one-year limitations period. At the time Petitioner filed his second state application on July 18, 2011, the limitations period had already expired. Thus, Petitioner's second state application did not operate to toll the limitations period. Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000). Petitioner did not file his federal application until November 23, 2011, long after the limitations period had expired.

Petitioner argues he is actually innocent of the crime for which he was convicted. However, the one-year limitations period established by § 2244(d) contains no explicit exemption for petitioners claiming actual innocence of the crimes of which they have been convicted. As a consequence, a petitioner's claim of actual innocence is relevant to the timeliness of his petition if the claim justifies equitable tolling of the limitations period. Cousin v. Lensing, 310 F.3d 843, 849 (5th Cir. 2002). The Fifth Circuit has previously held that such claims do not. Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) (petitioner's unsupported actual innocence claim does not constitute grounds for equitable tolling "given that many prisoners maintain they are innocent"); Molo v. Johnson, 207 F.3d 773, 775 (5th Cir. 2000) (petitioner who fails to show factual innocence

has not shown how the limitations period made the habeas corpus remedy inadequate or ineffective for him, since nothing prevented him from filing a petition before the limitations period expired).

Moreover, a habeas petitioner who seeks to surmount a procedural default through a showing of "actual innocence" must support his allegations with "new, reliable evidence" that was not presented at trial and must show that it was more likely than not that, in light of the new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. See Schlup v. Delo, 513 U.S. 298, 326–27, 115 S. Ct. 851 (1995); see also House v. Bell, 547 U.S. 518, 126 S. Ct. 2064 (2006) (discussing at length the evidence presented by the petitioner in support of an actual-innocence exception to the doctrine of procedural default under Schlup). "Actual innocence" in this context refers to factual innocence and not mere legal sufficiency. Bousely v. United States, 523 U.S. 614, 623–624, 118 S. Ct. 1604 (1998).

In this case, there was substantial evidence presented which proved Petitioner conspired with his co-defendant to commit the burglary, and that Petitioner was present when the murder was committed. The state appellate court summarized the evidence as follows:

> [T]here was evidence in the case that appellant: (1) had heard Bautista say he wanted to get a truck and go to the complainant's house because the complainant had things he wanted; (2) had heard Bautista say he needed to "fix" things with the complainant and make sure the complainant would not tell on him with the police; (3) had heard Bautista say that he needed to do something about the people who stole his money and cocaine; (4) knew that Bautista had threatened other people with guns; (5) drove Bautista to the complainant's house; (6) broke through the back door window so Bautista could enter the house; (7) was present there when complainant was shot; (8) stole goods from the complainant's house; and (9) opened the trunk of the car so Bautista could put the stolen property in it. In addition, items belonging to the complainant, including the gun Bautista used to shoot him, were found by police at appellant's house after appellant attempted unsuccessfully to sell the gun to a pawnshop. This evidence is legally sufficient to prove that the complainant was killed in furtherance of a conspiracy to commit burglary and that appellant should have anticipated the killing.

Hernandez v. State, No. 14-02-00489-CR, 2003 WL 22253337, at *4 (Tex. App. – Houston [14th Dist] 2003, pet. granted).  To prove his innocence Petitioner relies on an affidavit of Pedro Perez dated April 26, 2011, who states Petitioner worked for him on November 13, 2000, and that Petitioner would not have had time to leave the job site.  See Ex parte Hernandez, Appl. No. 67,116-02 at 35.  Given the overwhelming evidence of Petitioner's guilt presented at trial, Petitioner has failed to demonstrate it is more likely than not that no reasonable juror would have convicted him in light of the affidavit evidence he now presents.

In addition, the record does not reflect that any unconstitutional state action impeded Petitioner from filing for federal habeas corpus relief prior to the end of the limitations period. Furthermore, Petitioner has not shown that he did not know the factual predicate of his claims earlier.  Finally, the claims do not concern a constitutional right recognized by the Supreme Court within the last year and made retroactive to cases on collateral review.

### III.  RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss be granted and Petitioner's application for writ of habeas corpus be dismissed with prejudice as time-barred.

### IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A).  Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484, 120 S. Ct. 1595 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id.

In this case, reasonable jurists could not debate the dismissal of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S. Ct. 1029 (2003) (citing Slack, 529 U.S. at 484). Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## V. OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE